**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Morris, | No. CV-21-00183-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Allied Pilots Association, | |
| Defendant. | |

Pending before the Court is Allied Pilots Association's ("Defendant") Motion for Sanctions Against Plaintiff (Doc. 30.) For the reasons below, Defendant's Motion is granted.

**BACKGROUND**

This dispute stems from Cynthia Morris's ("Plaintiff") refusal to cooperate with Defendant to schedule her deposition. On November 17, 2021, Defendant sent a letter to the Court detailing its efforts to schedule Plaintiff's deposition. (Doc. 24.) Plaintiff's deposition was originally noticed for October 5, 2021. (Doc. 30-1 at 10.) Because Plaintiff had not provided responses to Defendant's written discovery requests by that date, Defendants re-noticed the deposition for November 18, 2021. (Doc. 30-1 at 15); (Doc. 24 at 1.) A week before the deposition, Plaintiff informed Defendants that the date did not work for her, and that she might be available during the week of November 22nd. (Doc. 30-1 at 2–3); (Doc. 24 at 1.) Plaintiff could not provide a time she was available. (Doc.

24.) Because the close of fact discovery was set for December 3, Defendant attempted to schedule a time with Plaintiff for a phone call with the Court to resolve these issues. (Doc. 24 at 2.) Plaintiff refused to provide her availability for a phone call. (Doc. 24 at 2.)

Pursuant to Defendant's letter, the Court held a telephonic status conference on November 22. (Doc. 26.) At that conference, Plaintiff represented that she would provide dates and times for her deposition to Defendant by the next day. She did so, and her deposition was scheduled for December 17. (Doc. 27.) In accordance with the new date, the Court granted an extension of the fact discovery deadline for the sole purpose of taking Plaintiff's deposition. (Doc. 28.)

Although Plaintiff's amended notice of deposition indicated that the deposition would be conducted by "Zoom or otherwise," Plaintiff appeared at the deposition by telephone. (Doc. 30-1 at 24, 34–35.) Because Plaintiff was appearing by telephone, she could not read any exhibits shown to her by Defendant. (Doc. 30-1 at 37–38.) The deposition could not proceed, and the parties called the Court. (Doc. 29.) The Court ordered Plaintiff to appear in person in Phoenix for her deposition prior to December 31. The Court advised Plaintiff that her failure to appear could result in sanctions, including dismissal of her case. (Doc. 29.)

Plaintiff's in-person deposition was scheduled for December 28 at 9:00 AM. (Doc. 30-1 at 44.) In response to the notice, Plaintiff requested that the start time be moved to 11:00 AM so that she did not have to get up early to fly to Phoenix. (Doc. 30-1 at 7.) Defendant agreed to move the start time and re-noticed the deposition for 11:00 AM. (Doc. 30-1 at 48.) On the morning of the deposition, Plaintiff emailed Defendant that she was unable to get on the flight to Phoenix because it was sold out. (Doc. 30-1 at 7, 53–54.) Unbeknownst to Defendant, instead of booking a flight to Phoenix as a paying passenger—which would have guaranteed her seat—Plaintiff decided to fly as a non-revenue passenger. (Doc. 30-1 at 53–54.) Given that December 28 was only three days after a major holiday, Plaintiff's flight was sold out, and no seats were available. Plaintiff was unable to book another flight and thus failed to appear for her court-ordered deposition.

(Doc. 30-1 at 8, 53–54.) Defendant now moves for sanctions. (Doc. 30.) Plaintiff did not respond to the Motion.

**DISCUSSION**

Defendant argues that Plaintiff's case should be dismissed because of her failure to comply with a court order. (Doc. 33.) The Motion was filed on January 5, 2022. (Doc. 33.) Pursuant to the Court's local rules, Plaintiff had fourteen days to file a Response. LRCiv 7.2(c). Plaintiff did not do so.

Although the Court "construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). According to the local rules, "if the unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of the motion[,] and the Court may dispose of the motion summarily." LRCiv 7.2(i). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Factors 1 and 2 clearly weigh in favor of dismissal; the instant Motion has been pending for nearly three months, and Plaintiff has never filed a Response or a Motion to Extend the filing deadline. The Court has already granted an extension of the fact discovery deadline because of Plaintiff's refusal to cooperate. Moreover, the District of Arizona is one of the busiest courts in the Ninth Circuit as measured by overall filings.[1] Both the public's interest and the Court's weigh in Defendant's favor.

Factor 3 also weighs in favor of dismissal because fact discovery has now closed, and Defendant has been unable to depose Plaintiff, which it has every right to do. Absent

---

[1] *See* U.S. Dist. Cts., Fed. Ct. Mgmt. Stat., *Comparison of Districts Within Ninth Circuit* (Dec. 31, 2021), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2021.pdf.

another extension, which would prolong this case even more, Defendant would be severely prejudiced.

Factor 4 clearly weighs against dismissal because there is a public policy in favor of deciding cases on the merits. Factor 5, however, weighs for dismissal. Plaintiff has refused to cooperate in scheduling her deposition for months and has failed to appear in violation of a court order. She has done so despite warnings from the Court that her refusal to cooperate could result in the dismissal of her case. (Doc. 29); *cf.* (Doc. 4 at 6 (refusing to respond to a Motion may be construed as consent to its grant or denial).) By not responding, she has further showed that there is no reason to expect her compliance in the future, even if more time was given. The Court does not believe, given Plaintiff's history, that less severe sanctions would be effective. Because four out of five factors weigh in favor of dismissal, Defendants' Motion is granted. *See Bonn v. Cap. One, N.A.*, No. CV-12-00617-PHX-GMS, 2012 WL 13024087, at *3 (D. Ariz. Oct. 12, 2012).[2]

## CONCLUSION

Because Plaintiff has failed to cooperate with Defendant to schedule her deposition, and because she has failed to respond to the pending Motion, Defendant's Motion is granted.

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions Against Plaintiff (Doc. 30) is **GRANTED**.

/ / /

---

[2] Even if Plaintiff had responded to Defendant's Motion, dismissal would still be appropriate under Rule 41. That Rule provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court had ordered Plaintiff to appear in person for her deposition before December 31. (Doc. 29.) She did not do so. Because the same factors apply to both dismissal under Rule 41 and dismissal for failure to comply with procedural rules, Plaintiff's Complaint is also subject to dismissal under Rule 41. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) ("In determining whether to dismiss a case for failure to comply with a court order[,] the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).

1 **IT IS FURTHER ORDERED** directing the Clerk of Court to enter Judgment of
2 Dismissal in favor of Defendant and against Plaintiff and to terminate the matter.
3 Dated this 28th day of March, 2022.

_____
G. Murray Snow
Chief United States District Judge